# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * |
|---|---|
| v. | * CRIMINAL NO. PWG-19-8 |
| DANTE A. WILLIAMS, | * |
| Defendant | * |

## MEMORANDUM OPINION

The Court has received Defendant's Motion for Review of Order of Detention ("Defendant's Motion"), ECF No. 63. The Court has reviewed Defendant's Motion, and the Opposition thereto. ECF Nos. 65. No hearing is deemed necessary. Local Rules 105.6 and 207 (D. Md.). The Court hereby DENIES Defendant's Motion.

### I. Relevant Procedural History

On January 7, 2019, Defendant was charged by way of indictment with: (1) two counts of conspiracy to distribute and possession with intent to distribute 28 grams or more of a mixture or substance containing cocaine and cocaine base; and (2) possession with intent to distribute cocaine base. *See* Indictment, 1–3, ECF No. 1. On January 11, 2019, after a detention hearing before this Court, an order of detention was entered. ECF No. 16. The Court found by clear and convincing evidence that:

> [the] weight of evidence against defendant is strong; [Defendant is] subject to [a] lengthy period of incarceration if convicted; [Defendant had a] prior criminal history; [Defendant has participated] in criminal activity while on probation, parole or supervision; [Defendant has a] history of violence or use of weapons; and [Defendant has a] history of alcohol or substance abuse.

ECF No. 16.

On February 10, 2020, Defendant pled guilty to: (1) conspiracy to distribute and possess with intent to distribute cocaine base and cocaine; and (2) possession with intent to distribute cocaine base and cocaine. ECF No. 60. Defendant now seeks review of this Court's order of detention due to the outbreak of the Corona virus ("COVID-19").

## II.     The COVID-19 Pandemic

Defendant requests to be released solely "due to the outbreak of the global pandemic – COVID-19." Def.'s Mot. for Rev. of Order of Det. 2. Defendant contends that he suffers from allergies and asthma and is concerned for his health. *Id*. Upon release, Defendant requests to be placed on electronic monitoring and supervision by the United States Pretrial Services. *Id.* The Government avers that Defendant fails to satisfy his burden under the Bail Reform Act and that he "does not reliably make a case that he's particularly vulnerable to the virus." Gov't Opp'n to Mot. to Reopen Det. Hr'g. 9.

Under the Bail Reform Act, a defendant:

> who has been found guilty of [an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act] and is awaiting imposition of sentence shall be detained unless . . . there is a substantial likelihood that a motion for acquittal or new trial will be granted; or . . . an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and . . . there is clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143 (a)(2). Further, a detention hearing determination:

> [M]ay be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

The presence of the COVID-19 creates a "material bearing" on the issue of whether there are conditions of release that can protect the community from the danger that Defendant presents. Yet, this Court has stated that the mere presence of the virus, even in the detention setting, does not automatically translate to the release of a person accused. *See United States v. William Bilbrough*, *IV*, TDC 20-33 (D. Md. Mar. 20, 2020) (J. Sullivan) (denying the defendant's motion even though the defendant suffered from diabetes); *United States v. Julius Williams*, PWG 13-544 (D. Md. Mar. 24, 2020) (J. Day) (denying a 67-year old defendant's motion); *United States v. Anthony Penaloza*, TDC-19-238 (D. Md. Mar. 31, 2020) (denying the defendant's motion even though the defendant suffered from a heart murmur); *United States v. Teon Jefferson*, CCB-19-487 (D. Md. Mar. 23, 2020) (denying the defendant's motion even though the defendant was asthmatic).

As outlined by the Government, the Department of Corrections ("DOC") has taken, and continues to take substantial steps to mitigate the effect of COVID-19. Gov't Opp'n to Mot. to Reopen Det. Hr'g. 5. This includes policies that: preclude non-legal visitations; require inmate screening; quarantine of infected inmates; and extra cleaning. *Id.* Further, as of March 27, 2020, the DOC took additional measures to mitigate the spread of COVID-19 by cancelling certain inmate activities and reducing the time inmates spend outside of their cells. *Id.* at 7.

At the time of the filing of Defendant's Motion, "five DOC detainees have tested positive for COVID-19, but are currently in quarantine." *Id*. Defendant now contends that he is concerned for his health because he has allergies and asthma. Def.'s Mot. for Rev. of Order of Det. 2. Defendant fails to elaborate how allergies constitutes him as a uniquely at-risk inmate. Defendant at no point provides medical records which substantiate his claim that he has asthma.

In fact, Defendant did not mention his asthma during a January 11, 2019 interview with U.S. Probation and Pretrial Services at the time of Defendant's initial appearance hearing. More importantly, there is no indication that Defendant has been in contact with any detainees who have been diagnosed with the virus. It is not for the Court to speculate where the "fine line" might be crossed where the scales weigh more favorably toward release. But on this record, it has not been crossed.

Further, the Court has a duty to balance the factors of the Bail Reform Act, with the overlay of concerns about the health and safety of Defendant and the community at large. Here, Defendant has already pled guilty and may be facing up to 71 months' imprisonment. Gov't Opp'n to Mot. to Reopen Det. Hr'g. 9, n.4. With the heightened pandemonium our society is facing, coupled with Defendant facing inevitable jail time, the risk that Defendant may flee is heightened. Defendant states that "he was born and raised in Montgomery County," and that his prior convictions were non-violent. Def.'s Mot. for Rev. of Order of Det. 2. The fact Defendant was born and raised in Montgomery County does not persuade this Court by clear and convincing evidence that Defendant will not flee prior to his sentencing date. Further, as found by this Court, Defendant has a history of violence and or use of weapons, ECF No. 16. It has not been shown "by clear and convincing evidence" that Defendant will not pose a danger to any other person or the community during these uncertain times.

In addition, Defendant does not address the heightened burden under 18 U.S.C. § 3143 (a)(2) requiring him to show that (1) there is substantial likelihood that a motion for acquittal or a new trial will be granted; or (2) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person. 18 U.S.C. § 3143 (a)(2). The Government unequivocally stated "Williams's conviction will not get vacated, Williams will not get a new

4

trial, and the government certainly won't be recommending a time-served sentence." Gov't Opp'n to Mot. to Reopen Det. Hr'g. 9.

### III. Conclusion

Defendant has failed to demonstrate that the changed circumstances created by the COVID-19 crisis sufficiently tips the scales of detention to reverse the earlier decisions by the Court. Accordingly, Defendant's Motion is denied.

April 2, 2020                                         /s/
                                            Charles B. Day
                                            United States Magistrate Judge